**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO ROSALES,<br><br>        Petitioner,<br><br>    v.<br><br>PAUL THOMPSON, et al.,<br><br>        Respondents. | No. 2:21-CV-2194-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pending before the Court is Respondents' motion to dismiss. See ECF No. 6.

Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution – Herlong. See ECF No. 1, pg. 1. Petitioner claims that he is entitled to relief under the First Step Act (FSA) of 2018 in the form of additional credits and, as a result, expedited release. See id. at 6-7. Respondents argue that the petition must be dismissed because Petitioner is statutorily ineligible for relief under the FSA even if his claim was ripe for review and properly exhausted. For the reasons discussed below, the Court agrees.

/ / /

/ / /

/ / /

1   Respondents offer the following background relating to Petitioner's conviction:

2       On June 9, 2010, Petitioner was charged in a Second Superseding
3   Indictment in the Western District of Texas (WDTX) with conspiracy to
distribute and possess with intent to distribute 50 grams or more of
methamphetamine (count one). WDTX 10-CR-00115, ECF 19 (filed
4   herewith as Exhibit 1). On September 1, 2010, Petitioner pled guilty to
count one as charged in the Superseding Indictment. Id., ECF 197, 198.
5   On December 9, 2010, Petitioner was sentenced to serve 288 months in
prison. Id., ECF 279, 293. On April 14, 2015, an amended judgment was
6   filed reducing Petitioner's prison term from 288 months to 240 months
pursuant to USSC Amendment 782. Id., ECF 420.
7   ECF No. 6, pg. 2.

8   A review of the court's docket sheet from Petitioner's underlying criminal case,

9   attached to Respondents' motion as Exhibit 1, reflects that Petitioner was charged with conspiracy to

10   distribute 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and

11   846.  See ECF No. 6-1.  The docket sheet also shows that Petitioner was charged as part of a

12   conspiracy involving nine participants, including Petitioner.  See id.  Under the FSA, prisoners

13   who have been convicted of violating Section 401(a) of the Controlled Substances Act, 21 U.S.C.

14   § 841, et seq., are ineligible for relief where, as here, the prisoner was an organizer and leader of a

15   criminal enterprise involving five or more participants.  See 18 U.S.C. § 3632(d)(4)(D).  Because

16   Petitioner was convicted of a crime which is explicitly exempt from relief under the FSA,

17   Petitioner cannot state a claim for relief in this case.

18   Based on the foregoing, the undersigned recommends that Respondents' motion to

19   dismiss, ECF No. 6, be granted.

20   These findings and recommendations are submitted to the United States District

21   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

22   after being served with these findings and recommendations, any party may file written objections

23   with the Court.  Responses to objections shall be filed within 14 days after service of objections.

24   Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

25   Ylst, 951 F.2d 1153 (9th Cir. 1991).

26   Dated:  July 29, 2022

27   _____
    DENNIS M. COTA
28       UNITED STATES MAGISTRATE JUDGE